Paulino MATIAS, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 04–7018.

United States Court of Appeals, Federal Circuit.

Feb. 24, 2004.

Before MICHEL, SCHALL, and DYK, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Paulino Matias's appeal for lack of jurisdiction. Matias has not responded.

Matias appealed to the United States Court of Appeals for Veterans Claims from a 2002 Board of Veterans' Appeals decision that found no clear and unmistakable error (CUE) in a 1958 Board decision denying service connection for two conditions. The Court of Appeals for Veterans Claims concluded "that the appellant has not demonstrated that the Board's determination, in the decision on appeal, that there was no CUE in the January 1958 Board decision

was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" The Court of Appeals for Veterans Claims affirmed the Board's 2002 decision and Matias appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Matias's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Matias challenges the factual determinations of the Board leading to a denial of service connection for the conditions at issue. Matias asks this court to give him "the compensation [he] truly deserves" so that he does "not bear the consequence of the conflicting opinions regarding the correct diagnosis for [his] disability."

Matias fails to assert any constitutional challenge concerning the decision on appeal, and he raises no genuine issue concerning the validity or interpretation of a statute or regulation.* Review of the factual determinations pertaining to the sufficiency of Matias's CUE claim or application of the law of CUE to the facts is not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Matias's appeal. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

---

* Although Matias stated "yes" in response to the portion of the informal brief form asking if the decision on appeal involves the validity or interpretation of a statute or regulation, he makes no reference to or argument concerning any statute or regulation.